```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION

UNITED STATES OF AMERICA    )
                            )
     v.                     )   Docket No. 5:18-cr-00043-DAE-1
                            )
RICHARD NIKOLAI GRATKOWSKI, )   San Antonio, Texas
                            )   November 15, 2018
     Defendant.             )   2:49 p.m. to 2:56 p.m.
_____)

             TRANSCRIPT OF MISCELLANEOUS HEARING
           BEFORE THE HONORABLE HENRY J. BEMPORAD
                UNITED STATES MAGISTRATE JUDGE

A P P E A R A N C E S:

FOR THE GOVERNMENT:
Tracy Thompson
United States Attorney's Office
Criminal Section
601 NW Loop 410 - Suite 600
San Antonio, TX 78216

FOR THE DEFENDANT:
Marina Thais Douenat
Office of the Federal Public Defender
727 E. Cesar E. Chavez Blvd.
San Antonio, TX 78206

COURT RECORDER:  FTR Gold

Proceedings reported by electronic sound recording.  Transcript
produced by computer-aided transcription.
```

```
1            (Open court at 2:49 p.m.)
2                 THE COURT:  Good afternoon.  Please be seated.
3         Calling the case of SA:18-CR-43, United States of America
4    versus Richard Gratkowski.  If I could have announcement of
5    counsel, please.
6                 MS. THOMPSON:  Good afternoon, Your Honor.  Tracy
7    Thompson appearing on behalf of the United States.
8                 THE COURT:  Good afternoon.
9                 MS. DOUENAT:  Good afternoon, Your Honor.  Marina
10   Douenat on behalf of Mr. Gratkowski.
11                THE COURT:  All right.  Good afternoon to you as well.
12        The case has been referred to me by Judge Ezra to advise
13   the defendant of his right to be tried by a jury and to make
14   sure that he is voluntarily waiving his rights to a jury.
15        Let me hear from you on this, Ms. Douenat.
16                MS. DOUENAT:  Yes, Your Honor. We had a conditional
17   plea agreement filed with the Court, which was not accepted by
18   the Court --
19                THE COURT:  Ah, I see.
20                MS. DOUENAT:  -- so -- and the government did not
21   oppose the conditional plea agreement.  In fact, it was
22   approved by them.  So this is our only way to preserve our
23   motions to suppress.
24                THE COURT:  Ah, I see.
25                MS. DOUENAT:  And so we're choosing not to have a jury
```

```
 1   trial and --
 2            THE COURT:  I see.
 3            MS. DOUENAT:  -- my client is waiving that.  He just
 4   wants to plead not guilty and preserve his rights and reserve
 5   his rights to --
 6            THE COURT:  I see.
 7            MS. DOUENAT:  -- appeal the motions to suppress.
 8            THE COURT:  So it'd be a trial on -- I guess by
 9   stipulation, subject to your motion to suppress --
10            MS. DOUENAT:  It would be --
11            THE COURT:  -- or do you think you'd be calling the
12   witnesses in?
13            MS. DOUENAT:  No.
14            THE COURT:  I'm just trying to figure out --
15            MS. DOUENAT:  No.  We're hoping to stipulate --
16            THE COURT:  Yeah.
17            MS. DOUENAT:  -- to the elements of the offense and
18   the government's proof --
19            THE COURT:  Yeah.
20            MS. DOUENAT:  -- of what they would be presenting at
21   trial and reserving our rights under *Mendoza*, Your Honor.
22            THE COURT:  Yes.
23            MS. DOUENAT:  And the stipulation will have that
24   language in there --
25            THE COURT:  All right.  Very well.
```

1    MS. DOUENAT: -- saying that we're reserving our
2  right -- we're pleading not guilty and we're stipulating but
3  we're reserving our right to raise the motions to suppress.
4    THE COURT: All right. Very well.
5    Is that your understanding as well, Ms. Thompson?
6    MS. THOMPSON: It is, Your Honor.
7    THE COURT: All right. Very well. Thank you.
8    Well, I'm going to follow the reference of the district
9  judge in this case and make sure that this decision is knowing
10 and voluntary on the part of Mr. Gratkowski. And then there is
11 a form that is -- for waiver of the right to jury trial that he
12 can sign and -- as well as his attorney and the attorney for
13 the government. And then what I would do is ask y'all to sign.
14 If I -- if I can -- if Mr. Gratkowski actually has voluntarily
15 waived, ask y'all to sign that document. And then it'd be
16 presented to Judge Ezra for his approval.
17   All right. So let me turn to you, Mr. Gratkowski.
18   Yes, Ms. Douenat.
19    MS. DOUENAT: And I just want to make sure
20 everything's on the record that was just --
21    THE COURT: Yeah. It's all been recorded.
22    MS. DOUENAT: Thank you.
23    THE COURT: No. It's always a good question. I'm
24 seeing that the recording machinery is working, so --
25    MS. DOUENAT: Thank you, Your Honor.

1     THE COURT: -- thank you for asking.
2        All right. Mr. Gratkowski, I understand from the attorneys
3  that to preserve an issue in your case, you've decided to go
4  forward to trial without a jury. Now, Judge Ezra has asked me
5  to make sure that your decision is knowing and voluntary. And
6  so I need to ask you some questions about that. And because I
7  need to ask you some questions, I'll ask my courtroom deputy to
8  place you under oath at this time.
9        (The oath was administered)
10    THE COURT: All right. Now, first question I always
11 have to ask, I want to make sure that you're understanding my
12 questions and can understand the proceedings. So let me ask
13 you this, whether currently you're suffering from any physical
14 ailment or take any sort of medication, have any sort of
15 physical or mental condition or under the influence of drugs or
16 alcohol at this time, anything like that, that would make it
17 difficult for you to understand me? Any problems like that,
18 sir?
19    THE DEFENDANT: No, Your Honor.
20    THE COURT: All right. Any doubts as to the
21 competency of your client, Ms. Douenat?
22    MS. DOUENAT: No, Your Honor.
23    THE COURT: All right. Very well.
24    Now, sir, your case is set for trial at this time. I think
25 I have the setting.

```
1              MS. DOUENAT:  My understanding, it's December 17th.
2              THE COURT:  Yes.  I thought it was in December.
3              MS. THOMPSON:  November 19th.
4              THE COURT:  Oh, okay.
5              MS. DOUENAT:  Okay.  That's the initial.  I thought
6    we -- they were going to -- okay.  Yes.
7              THE COURT:  All right.  So it's set for November 19th.
8    So it's set for next week.
9              MS. DOUENAT:  But --
10             THE COURT:  As of now.
11             MS. DOUENAT:  But a motion for continuance was filed.
12             THE COURT:  It just hasn't been ruled on yet.
13             MS. DOUENAT:  Okay.  I guess --
14             THE COURT:  Got it.
15             MS. DOUENAT:  -- I guess not.
16             THE COURT:  That's all right.  That's fine.  All
17   right.  I just wanted to make sure we knew about the setting.
18             MS. DOUENAT:  Sure.
19             THE COURT:  Sir, your case is set for a jury trial at
20   this time.  However, I understand from your attorney that you
21   decided to waive that -- as I mentioned, to waive a jury and
22   allow the judge to determine your guilt or innocence.  Let me
23   make sure you understand that under the Constitution of the
24   United States you have a right to a jury to make this decision,
25   a jury of your peers.  And under Rule 23 and Rule 24, you have
```

1  a right to a jury of 12 to make that decision.
2      Do you understand that, sir?
3          THE DEFENDANT: Yes, Your Honor.
4          THE COURT: All right. Have you discussed this matter
5  with your attorney?
6          THE DEFENDANT: Yes, Your Honor.
7          THE COURT: All right. Knowing that you have that
8  right, are you waiving that right now and allowing Judge Ezra
9  to make the determination as to guilt or innocence in the case?
10         THE DEFENDANT: Yes, Your Honor.
11         THE COURT: All right. Very well.
12     Based on your statements, then I will find that your
13 decision to waive the jury is knowing and voluntary. As I
14 said, I will ask my court staff to hand a written waiver form
15 to the defense. Once the defense signs it and the defense
16 attorney signs it, then the U.S. Attorney needs to sign it, and
17 then I'll ask that this form be forwarded to Judge Ezra.
18     This one in front of me has been written for my approval,
19 but I believe it's appropriate for the district judge to make
20 the final approval as to a waiver of a jury trial. I think he
21 just wanted me to talk to the defendant to make sure the
22 decision was knowing and voluntary. And we will -- I will
23 advise him of that. And, of course, we have a record of that
24 at this time.
25     Is there anything further from the defense at this time?

1        MS. DOUENAT:  No, Your Honor.
2        THE COURT:  All right.  Anything further from the
3  government at this time?
4        MS. THOMPSON:  Your Honor, the only --
5        THE COURT:  Yes.  Yes, ma'am.
6        MS. THOMPSON:  -- outstanding issue I guess is when
7  the stipulation is due to Judge Ezra.
8        THE COURT:  Oh, the stipulation of evidence?
9        MS. THOMPSON:  Correct.
10       THE COURT:  Yeah.
11       MS. DOUENAT:  So my understanding, after speaking with
12 Ms. Springs, was that we would be scheduled for a bench trial
13 on December 17th.  But that was verbally told to me.
14       THE COURT:  Yeah.
15       MS. DOUENAT:  I know we don't have an order on that
16 yet.  I know that she knew that we were going to be waiving
17 jury trial.
18       THE COURT:  Yeah.
19       MS. DOUENAT:  And I know that you're in trial coming
20 up.
21       THE COURT:  Yeah.
22       MS. DOUENAT:  I think the 26th --
23       THE COURT:  Well, and Judge Ezra's out of town --
24 Judge Ezra's handling cases in the Ninth Circuit right now.  So
25 that's why -- probably why he hasn't made any ruling.  But what

1   I'll do is I will make sure to -- that either my staff or
2   myself confer directly with Ms. Springs to make sure that we're
3   all on the same page.
4       And you said the date was December 17th?
5           MS. DOUENAT:  That was my understanding.
6           THE COURT:  All right.
7           MS. DOUENAT:  So if it could be due maybe four days
8   prior, gives us enough time to put things together --
9           THE COURT:  Yeah.
10          MS. DOUENAT:  -- including the exhibits.
11          MS. THOMPSON:  Yeah.  I have --
12          THE COURT:  I understand that that motion to continue
13  is unopposed by the prosecution?
14          MS. DOUENAT:  Correct.
15          THE COURT:  Okay.  I didn't want to make -- I didn't
16  want to make -- wanted to make sure everybody's on the same
17  page.
18          MS. DOUENAT:  Yes.
19          THE COURT:  Go ahead.
20          MS. DOUENAT:  Sorry.
21          MS. THOMPSON:  No.  It's unopposed.  And I just wanted
22  to make sure that we didn't have to get anything to the -- to
23  Judge Ezra tomorrow.
24          THE COURT:  Got it.
25          MS. THOMPSON:  There's no doubt counsel and I can come

```
 1  up with the stipulations --
 2          THE COURT:  Got you.  All right.
 3          MS. THOMPSON:  -- of the evidence and get that to the
 4  Court in a timely manner.
 5          THE COURT:  All right.  Well, I will -- I can't tell
 6  you the answer to that, but I'll try to find out the answer.
 7  If for some reason there's an issue, Ms. Springs or my staff --
 8  Mr. Hunt will contact you directly to let you know what's going
 9  on with the case.
10          MS. DOUENAT:  Thank you.
11          THE COURT:  All right.  We'll be in recess at this
12  time.
13  * * *
14      (Hearing adjourned at 2:56 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

```
1                            -oOo-
2        I, court approved transcriber, certify that the foregoing
3   is a correct transcript from the electronic sound recording of
4   the proceedings in the above-entitled matter.
5
6   Date:  6/28/2019      /s/ Chris Poage
                          Approved Transcriber
7
```