```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION

UNITED STATES OF AMERICA    )
                            )
       v.                   )  Docket No. 5:18-cr-00043-DAE-1
                            )
RICHARD NIKOLAI GRATKOWSKI, )  San Antonio, Texas
                            )  December 19, 2018
       Defendant.           )  11:05 a.m. to 11:18 a.m.
_____)

          TRANSCRIPT OF REARRAIGNMENT/PLEA HEARING
            BEFORE THE HONORABLE HENRY J. BEMPORAD
               UNITED STATES MAGISTRATE JUDGE
```

A P P E A R A N C E S:

FOR THE GOVERNMENT:
Tracy Thompson
United States Attorney's Office
Criminal Section
601 NW Loop 410 - Suite 600
San Antonio, TX 78216

FOR THE DEFENDANT:
Marina Thais Douenat
Office of the Federal Public Defender
727 E. Cesar E. Chavez Blvd.
San Antonio, TX 78206

COURT RECORDER:  FTR Gold

Proceedings reported by electronic sound recording.  Transcript produced by computer-aided transcription.

1     (Open court at 11:05 a.m.)
2          THE COURT:  -- CR-43, United States of America versus
3  Richard Gratkowski.  If I could have announcement of counsel,
4  please.
5          MS. THOMPSON:  Good morning, Your Honor.  Tracy
6  Thompson appearing on behalf of the United States.
7          MS. DOUENAT:  Good morning, Your Honor.  Marina
8  Douenat on behalf of Mr. Gratkowski.  We're ready.
9          THE COURT:  All right.  We're set -- we were set, at
10 the request of Judge Ezra, for a rearraignment and guilty plea
11 proceeding today.  It's my understanding that there's a -- a
12 plea agreement has been reached as to a conditional plea in
13 this case.  Is that correct, Ms. Thompson?
14         MS. THOMPSON:  That is correct, Your Honor.
15         THE COURT:  All right.
16         MS. DOUENAT:  Yes, Your Honor.
17         THE COURT:  And the conditional plea, it indicates
18 it's based on the denial of a motion to suppress evidence.  Am
19 I right that there was -- that there was a order issued denying
20 that today or this week?  Is that the one we're talking about?
21         MS. DOUENAT:  Yes, Your Honor.
22         THE COURT:  Okay.  And do y'all happen to know the
23 docket number or the day the --
24         MS. DOUENAT:  I think it's the same docket number,
25 right?  [Inaudible].

1  THE COURT: Oh, okay. It hasn't been docketed yet,
2 but the parties are -- the reason I'm asking is the parties
3 have received a copy of the order denying so we know -- they
4 know what they're agreeing to?
5  MS. DOUENAT: Yes.
6  THE COURT: That's -- I'm just checking.
7  MS. THOMPSON: Yes. There was a prior order issued by
8 the Court.
9  THE COURT: I see.
10  MS. THOMPSON: And then today the Court --
11  MS. DOUENAT: They did [inaudible] order.
12  MS. THOMPSON: They [inaudible] order, issued a new
13 order.
14  THE COURT: I see.
15  MS. THOMPSON: And it would be the new order that the
16 defendant -- anything in that new order that is -- that denies
17 his motions. Numerous motions were filed.
18  THE COURT: Oh, I see.
19  MS. THOMPSON: [inaudible] to appeal any of the
20 denials set forth in that order.
21  THE COURT: In this -- I have a copy of it in front --
22 it's a December 19th order.
23    Is that your understanding as well, Ms. Douenat?
24  MS. DOUENAT: Yes, Your Honor.
25  THE COURT: All right. Very well.

1         MS. DOUENAT: And we have read the order, so...

2         THE COURT: All right. Very well. That's why I was

3 asking. Okay.

4         MS. DOUENAT: Yes.

5         THE COURT: Now I understand what's going on.

6    Let me turn to you, Mr. Gratkowski. It's my understanding

7 from the attorneys that you've decided to enter a plea to two

8 of the charges in this -- in this indictment against you. It's

9 my job to make sure that you understand the nature of your

10 charges; that you understand the consequences you face by

11 pleading guilty; that your plea is knowingly and voluntarily

12 entered; that you understand your constitutional rights, the

13 rights you're giving up by pleading guilty today; and that

14 there is a factual basis to support the plea, in other words,

15 facts the government could prove that would support the charges

16 against you.

17    Now, to do all these things, sir, I need to ask you some

18 questions. And so I'm going to place you under oath at this

19 time. If you'll raise your right hand.

20    (The oath was administered)

21         THE COURT: All right. Please be seated.

22    Now, the first question I need to ask, Mr. Gratkowski, is I

23 want to make sure you're understanding these proceedings and

24 can understand the questions I ask. So let me ask you this,

25 whether currently you're suffering from any physical ailments,

1  take any sort of medication, have any sort of physical or
2  mental condition, or under the influence of drugs or alcohol,
3  anything like that, that would make it difficult for you to
4  understand me at this time?  Anything -- any problems like
5  that, sir?
6          THE DEFENDANT:  No, Your Honor.
7          THE COURT:  All right.  And Ms. Douenat, any doubts as
8  to the competency of your client?
9          MS. DOUENAT:  None, Your Honor.
10         THE COURT:  All right.  Now, sir, you've been placed
11 under oath.  Means you have to answer my questions truthfully.
12 If you were to answer them falsely, you could be prosecuted for
13 perjury or for false statement.  So if at any time you need me
14 to repeat a question or you need to speak to your attorney
15 before answering a question, that's fine.  Let me know, and
16 I'll ask the question again or give you a chance to talk to
17 your attorney.
18     Now, let's look at the indictment in this case.  You should
19 have a copy there in front of you.  The first thing I want to
20 point out about the indictment is the case number.  It's near
21 the top of the page, and you'll see it in bold letters and
22 numbers.  At the end of the case number are initials, "DAE."
23 Now, that stands for David Ezra.  That's the district judge in
24 the case, the judge who just issued this order regarding the
25 motions to suppress.  He's also the judge who will be imposing

1  sentence in your case.
2      You have the right to plead guilty before the district
3  judge, or, if you agree, you can consent to plead guilty before
4  me today, a magistrate judge.  So let me just ask you, sir, do
5  you consent to plead guilty before me today?
6          THE DEFENDANT:  Yes, Your Honor.
7          THE COURT:  All right.  Now, this particular
8  indictment charges two offenses.  The first offense is receipt
9  of child pornography.  The second offense is accessing with
10 intent to view images of child pornography under -- the
11 statutes are 2252A, and one is (a)(2) and the other one is
12 (a)(5)(B).
13     Now, let me ask you, sir, have you received a copy of this
14 indictment against you and had a chance to discuss it with your
15 attorney?
16         THE DEFENDANT:  Yes, Your Honor.
17         THE COURT:  All right.  Do you understand the nature
18 of these two charges against you, sir?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  All right.  Then as to the two charges in
21 the indictment against you, how do you plead; guilty or not
22 guilty?
23         THE DEFENDANT:  Guilty.
24         THE COURT:  Now, before I can recommend to Judge Ezra
25 that that plea be accepted, I need to advise you of the rights

1  you're giving up by pleading guilty today.  You, of course,
2  have the right to plead not guilty.  If you pled not guilty,
3  it'd be the government's burden to prove your guilt at trial.
4  You would have a right to be represented by your attorney
5  throughout the proceedings, to cross-examine and confront any
6  witness against you.  You'd have the right to present your own
7  witness in your defense.  You'd also have the right to testify
8  in your own defense.  If you chose not to testify, however,
9  you'd have the right to remain silent, and it couldn't be held
10 against you if you decided not to testify.
11     Most importantly, sir, you'd be presumed innocent of any
12 charge against you.  It would be the government's burden to
13 prove your guilt beyond a reasonable doubt to a jury.
14     Do you understand?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  By pleading guilty today, you're giving up
17 those rights.  You're allowing Judge Ezra to find you guilty
18 based solely on the statements you're making in court today.
19 Do you understand?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  All right.  Now, I also wanted to talk to
22 you about the consequences of pleading guilty.  Those
23 consequences are set out in the plea agreement.  So let me ask
24 you a couple of questions about the plea agreement as well.
25 This plea agreement was entered today.  It appears to be signed

1  by you, signed by your attorney and signed by the attorney for
2  the government.  Did you review each paragraph of this plea
3  agreement with your attorney?
4          THE DEFENDANT:  Yes, Your Honor.
5          THE COURT:  All right.  Did you sign the plea
6  agreement?
7          THE DEFENDANT:  Yes, Your Honor.
8          THE COURT:  And do you agree to it, sir?
9          THE DEFENDANT:  Yes, Your Honor.
10         THE COURT:  All right.  Very well.
11     Now, if you look on the second page of the plea agreement,
12 you'll see that -- the penalties set out for each of those
13 counts that I mentioned.  So for each of the counts, Count 1
14 and Count 2, the maximum term of imprisonment you face is 20
15 years.  The difference between the two is that for Count 1,
16 that's the receipt count, you also face a minimum prison time
17 of five years.  On each case the maximum term of supervised
18 release is life.  That's just the maximum for these -- this
19 statute.  The maximum fine is $250,000.  There is a monetary
20 assessment of a hundred dollars or, if you are found not to be
21 indigent, up to $5,000.  There's also restitution that is
22 agreed to in the plea agreement and a forfeiture agreement in
23 the plea agreement.
24     Do you understand, sir?
25         THE DEFENDANT:  Yes, Your Honor.

1       THE COURT:  All right.  Now, I wanted to talk to you
2  about a couple of these penalties in a little bit more detail.
3  First, let's talk about imprisonment.  In determining the
4  imprisonment term to impose, the district judge has to consider
5  something called the sentencing guidelines.  Now, they're a set
6  of rules created by the Sentencing Commission in Washington,
7  and they set up a range of punishment for each defendant based
8  on the defendant's background, if they had any criminal
9  history, and also the nature of the offenses they've been found
10 guilty of.
11     What you need to understand, Mr. Gratkowski, is that these
12 guidelines are advisory only.  That means the judge has to
13 consider them, but he doesn't have to follow them.  He can
14 depart from the guidelines for reasons identified by the
15 Sentencing Commission, or he can simply reject the guidelines
16 and impose any sentence he believes to be appropriate under the
17 applicable sentencing statutes.
18     So let me just ask you, sir, have you discussed the
19 guidelines with your attorney?
20         THE DEFENDANT:  Yes, Your Honor.
21         THE COURT:  And do you understand that they're
22 advisory only in your case?
23         THE DEFENDANT:  Yes, Your Honor.
24         THE COURT:  The judge has to consider them but doesn't
25 have to follow them.  Do you understand?

1    THE DEFENDANT:  Yes, Your Honor.
2    THE COURT:  All right.  I also mentioned supervised
3 release, that the maximum -- there's up to lifetime supervised
4 release on these charges.  There's no parole in the federal
5 system.  So if imprisonment's imposed, that's the time you do,
6 less only a small amount of time off available for good time.
7    There is, however, supervised release.  It works like
8 parole.  You're released on certain conditions.  You have to
9 follow those conditions.  If you fail to follow those
10 conditions, you can have your release revoked and go back to
11 prison without credit for the time you had on release.
12    Do you understand?
13    THE DEFENDANT:  Yes, Your Honor.
14    THE COURT:  All right.  Also want to ask you,
15 Mr. Gratkowski -- excuse me.  I'm losing my voice -- are you a
16 citizen of the United States?
17    THE DEFENDANT:  Yes, Your Honor.
18    THE COURT:  The reason I ask, non-citizens, there can
19 be more consequences I have to cover.
20    Knowing all the consequences that I've mentioned, do you
21 still wish to plead guilty, sir?
22    THE DEFENDANT:  Yes, Your Honor.
23    THE COURT:  All right.  Now, I want to go over some of
24 the other terms of the plea agreement, because in the plea
25 agreement you've agreed to do some things.  The government's

1 agreed to do some things. One of the things that is a term of
2 this plea agreement is it's a conditional plea agreement. And
3 what that means is, you've agreed to plead guilty conditional
4 to your ability to appeal the judge's order from today denying
5 some motions that your attorney filed. What that means is if
6 you appeal and the Court of Appeals reverses the judge's
7 ruling, you have the right to withdraw your plea. Do you
8 understand?
9      THE DEFENDANT: Yes, Your Honor.
10      THE COURT: All right. Now, you've agreed to do some
11 other things in this plea agreement as well. One of the things
12 that you agreed to do is, with the exception of that
13 conditional appeal, you've agreed to waive your right to appeal
14 your sentence. Now, that goes back to these sentencing matters
15 I mentioned before, the guideline matters and other matters.
16 You might disagree with the way that the district judge
17 calculates the guidelines in your case, or you might disagree
18 with the sentence he chooses to impose. Now, normally you'd
19 have the right to appeal that matter as well to a higher court.
20 But in exchange for the concessions of the government, you've
21 given up that right to appeal in this plea agreement.
22   Do you understand?
23      THE DEFENDANT: Yes, Your Honor.
24      THE COURT: All right. Now, the government's agreed
25 to do some things as well. I've already mentioned that they've

1  agreed to allow a conditional appeal of the motion to suppress
2  order. But they've also agreed to make some sentencing
3  recommendations on your behalf. For example, a recommendation
4  that you receive a guideline reduction for acceptance of
5  responsibility. And I think, also, that there's a
6  recommendation or non-opposition to a sentence within the
7  guideline range.
8      Is that correct?
9          MS. THOMPSON: That's correct, Your Honor.
10         THE COURT: All right. Now, with regard to those
11 sorts of recommendations, you need to understand, the ultimate
12 sentencing decision is up to the district judge. And even if
13 he rejects those recommendations, you can't withdraw your plea.
14 Do you understand?
15         THE DEFENDANT: Yes, Your Honor.
16         THE COURT: All right. Now, there's some other terms
17 of the plea agreement I wanted to mention as well. One of the
18 requirements of the plea agreement is that you're going to need
19 to register under the Sex Offender Registration and
20 Notification Act. It's called SORNA. Do you understand that,
21 sir?
22         THE DEFENDANT: Yes, Your Honor.
23         THE COURT: I mentioned restitution. You're agreeing
24 to pay up -- the amount of $5,000 per victim to any victim who
25 has been identified and requests restitution before sentencing.

1  Do you understand that?
2      THE DEFENDANT: Yes, Your Honor.
3      THE COURT: All right. And that you agree to
4  forfeit -- or not to contest the forfeiture of any property
5  that was used to commit the offense. Do you understand that?
6      THE DEFENDANT: Yes, Your Honor.
7      THE COURT: All right. Let me ask you this. Besides
8  the promises and predictions in this plea agreement, has
9  anybody made any promise to you or any prediction to you as to
10 what your sentence will be?
11     THE DEFENDANT: No, Your Honor.
12     THE COURT: Has anyone forced you or threatened you or
13 coerced you in any way into pleading guilty?
14     THE DEFENDANT: No, Your Honor.
15     THE COURT: All right. Now, the last thing I need to
16 determine this morning is whether or not there's a factual
17 basis to support your plea, in other words, whether there are
18 facts that the government can prove that would support these
19 charges against you. And, in fact, that makes me go back to
20 the plea agreement, because at Pages 4 and -- I think it's 4
21 through 6 of the plea agreement, the government has set out the
22 facts they believe they could prove in your case beyond a
23 reasonable doubt if the case went to trial.
24   Have you reviewed those facts with your attorney?
25     THE DEFENDANT: Yes, Your Honor.

1   THE COURT: All right. Do you agree with those facts,
2   sir?
3   THE DEFENDANT: Yes, Your Honor.
4   THE COURT: All right. And, of course, that's subject
5   to the agreement -- that agreement is subject to the
6   conditional plea, so that that agreement can't be used against
7   you if at a later time the motion to suppress is granted and
8   you withdraw your plea.
9   Let me ask you, Mr. Gratkowski, any questions about
10  anything we've done today?
11  THE DEFENDANT: No, Your Honor.
12  THE COURT: All right. Let me ask, from the
13  government, anything further I need to cover with regard to the
14  conditional plea?
15  MS. THOMPSON: No, Your Honor.
16  THE COURT: All right. Anything further from the
17  perspective of Ms. -- of the defense, Ms. Douenat?
18  MS. DOUENAT: No, Your Honor.
19  THE COURT: All right. Then I'll make the following
20  findings. I find that Mr. Gratkowski is competent to proceed
21  today; that he understands the nature of the charges and the
22  consequences he faces by pleading guilty; that he consents to
23  plead guilty before me, a magistrate judge; that he understands
24  the constitutional rights he's giving up by pleading guilty
25  today; that the plea is knowingly, voluntarily and freely made;

1  and that there's a factual basis to support the plea.
2      For these reasons, I will recommend to Judge Ezra that the
3  plea be accepted and a judgment of guilt be entered at the
4  appropriate time.
5      Now, Mr. Gratkowski, I wanted to talk to you about
6  sentencing in your case.  Your case is set for sentencing on
7  March 25th at 9:00 in the morning.  Now, in advance of that
8  sentencing hearing, the probation officer will create something
9  called a presentence report in your case.  It's a report that
10 has information about you and your background, any criminal
11 history if you might have that, and it'll also have information
12 about the guidelines that I mentioned before.
13     As part of creating that report, the probation officer will
14 probably want to interview you.  Now, you have a right to have
15 your attorney present for the interview.  You have a right to
16 object to anything you disagree with in the report.  You have
17 the right to comment on the report at sentencing, and you have
18 the right to speak to the judge before sentence is imposed.
19     Anything further from the government at this time on this
20 case?
21          MS. THOMPSON:  No, Your Honor.  Thank you.
22          THE COURT:  Anything further from the defense?
23          MS. DOUENAT:  No, Your Honor.
24          THE COURT:  All right.  That then concludes the
25 rearraignment and guilty plea proceedings in this case.  And

```
 1   we'll be in recess.
 2   * * *
 3       (Hearing adjourned at 11:18 a.m.)
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1                              -oOo-
 2        I, court approved transcriber, certify that the foregoing
 3   is a correct transcript from the electronic sound recording of
 4   the proceedings in the above-entitled matter.
 5
 6   Date:  6/28/2019      /s/ Chris Poage
                           Approved Transcriber
 7
```